**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| McKinley Marshall, Jr., *pro se*, ) | CASE NO.  1:19-CV-2080 |
|  ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
|  ) | |
| v.  ) | MAGISTRATE JUDGE DAVID A. RUIZ |
|  ) | |
| Michael Cardeli, ) | |
|  ) | |
| Defendant. ) | **REPORT & RECOMMENDATION** |

On January 8, 2020, this case was referred to the undersigned United States Magistrate Judge for pretrial supervision and to give report and recommendations regarding case dispositive motions. (R. 6).

**I.  Background**

On September 11, 2019, Plaintiff McKinley Marshall, Jr. ("Plaintiff"), *pro se*, filed a Complaint against Michael Cardeli ("Defendant"), Chief of Police of the East Cleveland Police Department. (R. 1). The Complaint alleges that Plaintiff was assaulted during the course of his arrest at a motel; that he incurred hospital bills as a result; that he was denied medical attention and phone calls by Detectives "Pacman" and "Travis;" that a Detective "Lundy" removed personal items from his room and made false statements during discovery; and that his car was illegally moved. *Id*. Service was not executed on Defendant until January 22, 2020. (R. 8). On February 14, 2020, Defendant Michael Cardeli, through counsel, filed a motion to dismiss for

failure to state a claim pursuant to pursuant to Federal Rule of Civil Procedure 12(b).[1] (R. 10). As it was not clear from the certificate of service attached to the motion that Plaintiff was mailed a copy of the motion (R. 10. PageID# 46), the court on March 27, 2020, ordered as follows: "Defense counsel is ordered to serve the Motion to Dismiss for Failure to State a Claim (R. 10) on Plaintiff at the address on the docket or to certify the date on which the Plaintiff was served via regular U.S. Mail, with that filing." (R. 15). On March 30, 2020, Defendant filed on the docket its proof of service upon Plaintiff at the address. (R. 16).

Plaintiff did not file an opposition brief within thirty days as required by local rules.[2] More than thirty days after service of the motion, the court held a telephonic case management conference on May 6, 2020. (R. 18). At that point, Plaintiff had still not filed a brief in opposition to the Motion to Dismiss. During the telephone conference, Plaintiff did not deny receiving a copy of the Motion to Dismiss, but indicated that he wanted two additional weeks to oppose the motion. *Id*. The undersigned granted Plaintiff's oral motion for an extension until May 20, 2020, to file his brief in opposition. *Id*. Plaintiff was warned during the telephone call, that "failure to file a brief in opposition or otherwise respond to the motion could be construed as an abandonment of his claims and may result in a recommendation that the case be dismissed with prejudice for want of prosecution." *Id*. This warning was expressly included in the Minutes

---

[1] Defendant argues that the Complaint is devoid of allegations of personal, official or supervisory liability against him, as Plaintiff has failed to allege that Defendant himself caused the deprivation of any federal right. (R. 10). Further Defendant asserts that if the suit seeks to hold him liable in his official capacity, the Complaint "completely failed to assert even a legal conclusion about the acts or omissions of Chief Cardilli in creating the alleged constitutional violations." *Id*. at ¶43. Without deciding the merits of Defendant's arguments in favor of dismissal, the court notes that the Complaint is admittedly sparsely pled even for a *pro se* plaintiff.

[2] "[E]ach party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." Local Rule 7.1(d).

2

from the telephone conference (R. 18), as well as in the Case Management Conference ("CMC") Order also issued on May 6, 2020. (R. 19, PageID# 75-76). Copies of both the Minutes and the CMC Order were mailed to Plaintiff the next day.

On May 14, 2020, Plaintiff filed a motion for appointment of counsel.[3] (R. 20). The court denied the motion, reminded Plaintiff that his brief in opposition was due on May 20, 2020, and yet again explicitly warned Plaintiff that "failure to respond to the pending motion could be construed as an abandonment of his claims and result in a recommendation that the case be dismissed with prejudice for want of prosecution." (R. 21). The order was mailed to Plaintiff the same day.[4] As of today's date, Plaintiff still has not filed a brief in opposition to the Motion to Dismiss or moved the court for additional time to otherwise respond.

## II. Discussion

The Sixth Circuit has indicated that district courts have the inherent power to enter a *sua sponte* order dismissing an action under Federal Rule of Civil Procedure 41(b). *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). In addition, Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C) provides:

(f) Sanctions.

>  (1) In General. On Motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney:
>  ...

---

[3] The motion for appointment of counsel did not include a request for additional time to file a brief in opposition or other response. (R. 20).

[4] No documents mailed by this court to the address Plaintiff provided have been returned as undeliverable.

3

(C) fails to obey a scheduling or other pretrial order.

Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders. *See Jourdan*, 951 F.2d at 110 (concluding that *pro se* litigants are not to be accorded with any special consideration when they fail to comply with straight-forward procedural requirements and deadlines).

In this case, Plaintiff failed to file a brief in opposition and did not move the court for an extension of time to respond to the Motion to Dismiss, until after the time to respond had elapsed. Nevertheless, given Plaintiff's *pro se* status, the court granted Plaintiff's oral motion for a two-week extension to respond. The court, however, warned Plaintiff multiple times, both verbally during the telephone conference in which the undersigned granted the extension and in writing three times thereafter, that his failure to timely respond could be construed as an abandonment of his claims and result in a recommendation that the case be dismissed with prejudice for want of prosecution. Given Plaintiff's failure to respond to the Motion to Dismiss, the court has serious reservations whether Plaintiff has any intention of moving this case forward. Despite repeated admonitions, Plaintiff has continued to ignore the deadline imposed by the court and appears to have abandoned this case.

### III. Conclusion

Accordingly, the undersigned RECOMMENDS that this case be dismissed for failure to prosecute.

Date: July 1, 2020　　　　　　　　　　　　　　　　　　　s/ *David A. Ruiz*
　　　　　　　　　　　　　　　　　　　　　　　　　　　David A. Ruiz
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**